UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY (NEWARK)

_____X        CASE NO. **14-CV-01316-SDW**

NEVIN KAREY SHAPIRO,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____X

**MR. SHAPIRO'S MOTION REQUESTING
EXTENSION OF TIME TO FILE REPLY TO GOVERNMENT'S
RESPONSE TO MR. SHAPIRO'S SECTION §2255 PETITION**

    The Movant, NEVIN SHAPIRO, Pro Se, files the instant Motion Requesting Extension of Time to File Reply to Government's Response to Mr. Shapiro's Section §2255 Petition, and in support thereof allege the following facts:

## I. FACTS AND PROCEDURAL POSTURE:

1. Movant is currently incarcerated at FCI Butner, and Movant's mail is being delivered weeks late, if at all, for reasons which the Movant does not know.

2. On June 20, 2014, the Movant filed an Affidavit of Poverty and Certification in order to facilitate the District Court's appointment of pro se counsel.

3. Additionally, on June 20, 2014, the Movant filed a final Section §2255 Motion to Vacate pursuant to this Honorable Court's Order and consistent with this Honorable Court's Notice and Order pursuant to United States v. Miller, 197 F.3d 644 (3rd Cir. 1999).

2

4. The June 20, 2014, Section §2255 Petition filed by Mr. SHAPIRO contained additional grounds that were not contained in the initial Section §2255 Petition. Specifically, Mr. SHAPIRO's initial Section §2255 Petition raised one (1) ground—to wit, that the Government committed a Brady violation which rendered Mr. SHAPIRO's plea unknowing and involuntary. However, thereafter Mr. SHAPIRO added additional grounds for relief as per this Honorable Court's Order and consistent with this Honorable Court's Notice and Order pursuant to United States v. Miller, 197 F.3d 644 (3rd Cir. 1999).

5. Specifically, Mr. SHAPIRO supplemented his Section §2255 Petition with the following additional grounds that were not raised in his initial Section §2255 Petition: (a) The Government used Excessive Federalism in Violation of Amendment Ten (10) of the Constitution of the United States; (b) Former U.S. Attorney Guy Lewis Provided Ineffective Assistance of Counsel because he was the Driving Force to Destroy Petitioner Step-Father's Life and then Pursue this Petitioner Based on a Vengeful Act and Aiding and Abetting; © The Government with Respondent Committed a Long Term Conspiracy through Fraudulent Misrepresentation to Convict Shapiro Just as They Did to Convict his Step-Father Richard Armand Adam in Case(s) 97-CR-06063 and 97-CV-2729; (d) District Court Does Not Have Authority Over Contract/Plea Bargain.

3

6. It is important to note that the initial Section §2255 Petition contained the grounds that Mr. SHAPIRO wanted to initially raise, however, Mr. SHAPIRO was subsequently unable to continue to participate in the preparation of his Section §2255 Petition and/or act on his own behalf, pro se, as a result of Mr. SHAPIRO being placed in the special housing unit, and likewise being deprived of his internet and phone access. Moreover, Mr. SHAPIRO did not have access to a law library or to any persons trained in the law while he was in the special housing unit over a period of several months.

7. Consequently, when Mr. SHAPIRO was released from the special housing unit, he was able to continue to participate in his own defense and the filing of his Section §2255 Petition and likewise complete the response to this Honorable Court's Order pursuant to <u>United States v. Miller,</u> 197 F.3d 644 (3rd Cir. 1999), and add the aforementioned grounds to his Section §2255 Petition. For reasons unknown, Mr. SHAPIRO's June 20, 2014, Section §2255 Petition was docketed under a different case number, to wit: 14-CV-03960-SDW.

8. On July 1, 2014, this Honorable Court struck the Section §2255 Petition filed pro se by Mr. SHAPIRO, and this Honorable Court determined that said Section §2255 Petition was a duplicate of the initial Section §2255 Petition that was filed with this Honorable Court. This Honorable Court's Order similarly indicated that the Clerk of Court was to notify Mr. SHAPIRO via U.S. Mail of this

4

Honorable Court's Order striking Mr. SHAPIRO's June 20, 2014, Section §2255 Petition.

9. Unfortunately, Mr. SHAPIRO did not receive notice that his June 20, 2014,supplemental Section §2255 Petition was stricken as duplicative. And, Mr. SHAPIRO has requested the undersigned counsel to advise this Honorable Court and the Government that while indeed there are some portions that are duplicative, the aforementioned grounds supplemented by Mr. SHAPIRO were not previously raised in Mr. SHAPIRO's initial Section §2255 Petition. Hence Mr. SHAPIRO wanted to allow the government with an opportunity to respond to the non-duplicative grounds raised in Mr. SHAPIRO's Section §2255 Petition, since the government's response does not address Mr. SHAPIRO's supplemental grounds that were not duplicated in Mr. SHAPIRO's first Section §2255 petition that was later supplemented by Mr. SHAPIRO on June 20, 2014.

10. Moreover, as a result of the issues with Mr. SHAPIRO's delayed mail, Mr. SHAPIRO has not had an opportunity to address the Government's response to Mr. SHAPIRO's Section §2255 Petition via a written reply and/or rebuttal, and therefore he needs additional time to prepare said reply and/or rebuttal, and likewise provide any and all additional and necessary supporting documents or affidavits[1] needed to reply to the government's response. And, in lieu of the fact

---

[1]As one (1) example, in order to rebut the government's allegations as set forth in footnote five (5), and which maintain Mr. SHAPIRO could have obtained the documents himself

5

that Mr. SHAPIRO himself has brought the pending Section §2255 Petition, Mr. SHAPIRO's input and approval is absolutely necessary.

11. Pursuant to this Honorable Court's October 1, 2014, Order, Mr. SHAPIRO's reply is due by or before December 14, 2014, as the government was given forty-five (45) days to file a written response to Mr. SHAPIRO's Section §2255 Petition, and Mr. SHAPIRO's reply to said response is due thirty (30) days thereafter. However, as a result of Mr. SHAPIRO's inability to receive mail in a timely manner, if at all, as well as his absence of daily or even sporadic telephonic communication with the outside world, Mr. SHAPIRO will need an additional three (3) weeks beyond the December 14, 2014, deadline for filing his reply to the government's response.

12. Based upon the foregoing facts, Mr. SHAPIRO respectfully requests a three (3) week extension of the December 14, 2014, deadline to file his reply to the government's response to Mr. SHAPIRO's Section §2255 Petition.

13. This motion is filed in good faith and is not being lodged for dilatory purposes.

---

because they were in the custody and control of the Bankruptcy Trustee, Mr. SHAPIRO can demonstrate through witness testimony that the Trustee himself did not obtain the documents that are the subject of Mr. SHAPIRO's Brady claim until after Mr. SHAPIRO's change of plea and sentencing. Hence Mr. SHAPIRO could not have obtained said documents himself from the Trustee. Mr. SHAPIRO is therefore in the process of obtaining witness testimony and/or affidavits and independent evidence in order to rebut the government's allegation as set forth in footnote five (5).

14. Based upon Mr. SHAPIRO's incarceration, he was not able to confer with the government regarding their position on the instant motion prior to its filing.

WHEREFORE, Movant NEVIN KAREY SHAPIRO, respectfully requests this Honorable Court to grant the instant Motion.

Dated: November 19, 2014

                                            Respectfully submitted,

                                            Maria Elena Pérez for
                                            Pro Se Litigant NEVIN KAREY SHAPIRO
                                            Register No. 61311-050
                                            FCI Butner
                                            P.O. Box 999
                                            Butner, North Carolina 27509

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing motion was furnished to Office of the Assistant United States Attorney, Jacob Elberg and Thomas J. Eicher, Assistant United States Attorney(s), 970 Broad Street, Newark, N.J., 07102, and Mr. Nevin Karey Shapiro, FCI Butner, P.O. Box 999, Butner, North Carolina, 27509, this 19 day of November, 2014.

                                            Respectfully submitted,

                                            Maria Elena Pérez for
                                            Pro Se Litigant NEVIN KAREY SHAPIRO
                                            Register No. 61311-050
                                            FCI Butner
                                            P.O. Box 999
                                            Butner, North Carolina 27509